McCulloch v. Young.

19th day of August 1793, David Cay and Andrew Clow, who then carried on business under the firm of Andrew Clow & Co., indorsed a note made by Henry Darroch, bearing that date, for the sum of $852.82 ; which note was discounted by the President, Directors and Company of the Bank of the United States, defendants in this action, and the amount paid to the indorsers. Before the note became due, the maker, and both the indorsers, died of the yellow fever ; and notice of non-payment was duly given to the execu tors of the surviving partner, David Cay. On the 11th of April 1793, Andrew Clow and David Cay laid a foreign attachment on the property of a certain James Brown, in the hands of the defendants. Judgment was obtained in December term 1793, in the names of the present plaintiffs, as executors of David Cay, the surviving copartner. A writ of inquiry has been issued and the sum of 25,543*l*. 2*s*. 3*d*. has been found due to the plaintiffs ; judgment was thereupon entered in the usual form. A *scire facias* issued against the defendants, as garnishees, in which, after the general proceedings stated on the record, there was a trial, on the 10th September 1801, when the jury found for the plaintiffs $3354; and on the same day, judgment *nisi* was entered.

"The defendants as garnishees of James Brown are in possession of thirteen shares of bank-stock, and of the dividends thereon arising and accruing, since the first day of July 1801, which are subject to this attachment. And they have received payment of $284.27 ; being a dividend of the estate of Henry Darroch, the drawer of the said note. The question for the opinion of the court is whether the defendants in this action are entitled to set off against the demands of the plaintiffs in this action, the sum of $568.55, being the balance of the note unpaid ?"

After argument, by *E. Tighman* and *Ingersoll*, for the plaintiffs; and by *Lewis* and *Rawle*, for the defendants.

The Court (absent Shippen, C. J.) decided, that the set-off was inadmissible.

---

*McCulloch, administrator, &c., v. Young. (a)* [*292

*Foreign executors.*

An action can be maintained in the courts of Pennsylvania, under the authority of letters of administration granted in another state.[1]

This was an action on the case, brought against the defendant, by John McCulloch, as administrator of Robert Parland, under letters of administration granted by the orphans' court, and tested by "the register of wills for Prince George county," in the state of Maryland, on the 8th of October 1799, addressed to John McCulloch of "Alexandria, in the state of Virginia."

The only controverted question in the cause was submitted to the court, all the judges being present : to wit, whether an action could be maintained

---

(a) s. c. 1 Binn. 63 ; where the case is more fully reported.

[1] This case has long ceased to be law in Pennsylvania : Thompson, C. J., in Sayre *v.* Helme, 61 Penn St. 300,

in the courts of Pennsylvania under the authority of letters of administra‧
tion granted in another state ?

And after argument, by *M. Levy*, for the plaintiff, and by *Hopkinson*,
for the defendant (in the course of which 1 Dall. 456 ; 1 Dall. Laws, 30,
were cited):

THE COURT, adverting to the numerous instances, both since and before
the revolution, in which such suits were maintained, unanimously pro-
nounced—

Judgment for the plaintiff.

---

COMMONWEALTH *v.* McKISSICK *et al.*

*City lots.*

The act of the 9th of March 1796, declared those Pennsylvania claimants who had complied with
the terms of the confirming law (while the said law was in existence), entitled to the benefit
of the same, and enacted, that the sums found due to them should be credited to them in taking
out new warrants, in any part of the state where vacant land may be found: *Held,* that the
act did not apply to warrants to be located on lots within the city of Philadelphia. (*a*)

ON the 15th of March 1802, a rule was obtained upon the receiver-gene-
ral, which was afterwards extended to the secretary of the land-office, to
show cause why a *mandamus* should not issue, commanding them to receive
a certain certificate, in payment for city lots, located by the late Thomas
Billington.

The application for the rule was founded upon an act of the general
assembly, passed on the 9th of March 1796 (4 Dall. Laws, 16), which con-
tains the following enacting clause :

Sect. 1. " That it shall and may be lawful for the board of property, and
they are hereby enjoined and required, to proceed upon the reports of the
commissioners appointed by the act passed the 28th day of March 1787,
entitled ' an act for ascertaining and confirming to certain persons, called
Connecticut claimants, the lands by them claimed within the county of
Luzerne,' which have been filed in the office of the secretary, and ascertain,
as nearly as they can, from the documents so placed in the secretary's office,
and from such further evidence as they may deem necessary, and
*293]   *which shall be produced to them, what sum or sums ought, on the
principles of the aforesaid law, to be allowed to the respective owners ;
and and the receiver-general shall thereupon deliver a certificate of such
sum or sums to the respective owners, and enter a credit in his books
for the same, which may be transferred to any person, and passed as
credit, either in taking out new warrants, in any part of the state where
vacant land may be found, or paying arrearages on former grants : Pro-
vided nevertheless, that the value of the land for which such certificates are
so to be delivered to the aforesaid claimants, shall not be estimated other-
wise than if the same had been made by the board of property, immediately
after the report of the aforesaid commissioners, in pursuance of the law
hereinbefore mentioned : And provided further, that the claimants, who are

---

(*a*) And see Freytag *v.* Powell, 1 Whart. 536 ; Barton *v.* Bovier, 1 Phila. 523.